**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Billy Wade Aldridge** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | **Laura Lynn Aldrige** |
| (Spouse, if filing) | First Name / Middle Name / Last Name |

United States Bankruptcy Court for the NORTHERN DISTRICT OF GEORGIA

Case number: 23-11332-LRC
(If known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
3.3 and 4.3

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☒ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☒ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☒ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☒ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | Billy Wade Aldridge<br>Laura Lynn Aldrige | Case number | 23-11332-LRC |
|---|---|---|---|

Check one:   ☒ 36 months    ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $1,400.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

§ 2.2    **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

§ 2.3    **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☒ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years  2023,2024 and 2025 , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

§ 2.4    **Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5    **[Intentionally omitted.]**

§ 2.6    **Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |
|---|---|

§ 3.1    **Maintenance of payments and cure of default, if any.**

*Check one.*

| Debtor | Billy Wade Aldridge<br>Laura Lynn Aldrige | Case number | 23-11332-LRC |
|---|---|---|---|

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Pennymac Loan Services, LLC | 475 Hog Ground Hog Dr., Greenville, GA 30222 | $0.00 | 0.00% | $0.00 |

**§ 3.2    Request for valuation of security and modification of certain undersecured claims.**

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

| Debtor | Billy Wade Aldridge Laura Lynn Aldrige | Case number | 23-11332-LRC |
|---|---|---|---|

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Bridgecrest Acceptance Corp | 2015 Chevrolet Spark 70,000 miles | 2023-08 | $17,148.00 | 10.00% | $200.00 | $200.00 increasing to $366.00 in July 2024. |
| Freedom Road Financial | 2022 Canam 950 | 2022-10 | $20,789.00 | 6.00% | $210.00 | $210.00 increasing to $443.00 in July 2024. |
| Kubota Credit Corp, USA | 2022 Kubota L2501 | 2022-07 | $22,170.00 | 6.00% | $220.00 | $220.00 increasing to $486.00 in July 2024. |

§ 3.4    **Lien avoidance**.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5    **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| Cinch Auto Finance | 2023 Toyota Hylander |

§ 3.6    **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __8.50__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

§ 4.1    **General.**

| Debtor | Billy Wade Aldridge | Case number | 23-11332-LRC |
|---|---|---|---|
|  | Laura Lynn Aldrige |  |  |

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2  Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3  Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,950.00___. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___675.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4  Priority claims other than attorney's fees.

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

### § 5.1  Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ A pro rata portion of the larger of (1) the sum of $___242.00___ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

| Debtor | Billy Wade Aldridge Laura Lynn Aldrige | Case number | 23-11332-LRC |
|---|---|---|---|

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one*.

☒    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☒    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures: |
|---|---|

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

| X | /s/ Billy W. Aldridge  ID SBgY17aspnvFGnyDXs3Ykz36 | X | /s/ Laura L. Aldrige  ID DLgRE3Un8YVSnc7yHAifxWFa |
|---|---|---|---|
| | Billy Wade Aldridge | | Laura Lynn Aldrige |
| | Signature of debtor 1 executed on    January 4, 2024 | | Signature of debtor 2 executed on    January 4, 2024 |
| | | | |
| | 475 Ground Hog Dr | | 475 Ground Hog Dr |
| | Greenville, GA 30222 | | Greenville, GA 30222 |
| | Address              City, State, ZIP code | | Address              City, State, ZIP code |

| X | /s/ Alaina Joseph | Date: | January 4, 2024 |
|---|---|---|---|
| | Alaina Joseph | | |
| | Signature of attorney for debtor(s) | | |

| Debtor | Billy Wade Aldridge<br>Laura Lynn Aldrige | Case number | 23-11332-LRC |
|---|---|---|---|

| Joseph & Baker, LLC | 650 Ponce De Leon Ave.<br>Ste. 300 #1085<br>Atlanta, GA 30308 | |
|---|---|---|
| Firm | Address | City, State, ZIP code |

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE: ) CASE NO. 23-11332 – LRC
BILLY WADE ALDRIDGE )
LAURA LYNN ALDRIDGE )
   Debtors. ) CHAPTER 13

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Amendment to Debtors' Chapter 13 Plan with the Clerk of Court using the CM/ECF system which will automatically send an email notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the Plan to be placed in the first-class United States mail, postage prepaid, addressed to the following, as indicated below, and the attached mailing matrix:

Melissa Davey
Standing Chapter 13 Trustee
233 Peachtree Street, NE Ste. 2250
Atlanta, GA 30303
Served via e-service mail@13trusteeatlanta.com

Billy Wade Aldridge
Laura Lynn Aldridge
475 Ground Hog Dr
Greenville, GA 30222

This __4th__ day of _January_, 2024.

By:___/s/ *Alaina C. Joseph*_____
Alaina C. Joseph
Georgia Bar Number 940583
Joseph & Baker LLC
650 Ponce De Leon Ave. Ste 300 #1085
Atlanta, GA 30308
(404)402-2200
alaina@josephbakerllc.com
Attorney for Debtor

```
Label Matrix for local noticing          1st Franklin Financial                   1st Franklin Financial Corporation
113E-3                                   1002 Warm Springs Hwy                    Attn: Administrative Services
Case 23-11332-lrc                        Manchester, GA 31816-1153                PO Box 880
Northern District of Georgia                                                      Toccoa Ga 30577-0880
Newnan
Thu Jan  4 19:46:15 EST 2024

Billy Wade Aldridge                      Laura Lynn Aldrige                       Ally Bank
475 Ground Hog Dr                        475 Ground Hog Dr                        AIS Portfolio Services, LLC
Greenville, GA 30222-4878                Greenville, GA 30222-4878                4515 N Santa Fe Ave. Dept. APS
                                                                                  Oklahoma City, OK 73118-7901


American Express National Bank, AENB     Amex                                     Amex
c/o Zwicker and Associates, P.C.         Correspondence/Bankruptcy                PO Box 981537
Attorneys/Agents for Creditor            PO Box 981540                            El Paso, TX 79998-1537
P.O. Box 9043                            El Paso, TX 79998-1540
Andover, MA 01810-0943


Bridgecrest Acceptance Corp              Bridgecrest Acceptance Corp              Bridgecrest Acceptance Corporation
7300 E Hampton Ave                       PO Box 29018                             AIS Portfolio Services, LLC
Ste 100                                  Phoenix, AZ 85038-9018                   4515 N Santa Fe Ave. Dept. APS
Mesa, AZ 85209-3324                                                               Oklahoma City, OK 73118-7901


Bridgecrest Credit Company, LLC as Servicer   Carvana, LLC / Bridgecrest c/o AIS Portfolio   Cinch Auto Finance
4515 N Santa Fe Ave. Dept. APS           4515 N. Santa Fe Ave. Dept. APS          10800 Alpharetta Hwy
Oklahoma City, OK 73118-7901             Oklahoma City, OK 73118-7901             Roswell, GA 30076-1490


Cinch Auto Finance                       Citibank, N.A.                           Citibank/Best Buy
Attn: Bankruptcy                         5800 S Corporate Pl                      Citicorp Cr Srvs/Centralized Bankruptcy
10400 Old Alabama Connector Rd           Sioux Falls, SD  57108-5027              PO Box 790040
Ste 100                                                                           Saint Louis, MO 63179-0040
Alpharetta, GA 30022-8225


Citibank/Best Buy                        Comenitybank/breadrwds                   Credit Union Loan Source dba Cinch Auto Fina
PO Box 6497                              PO Box 182789                            10400 Old Alabama Connector Rd
Sioux Falls, SD 57117-6497               Columbus, OH 43218-2789                  suite 100
                                                                                  Alpharetta, GA 30022-8225


Melissa J. Davey                         Discover Bank                            Discover Bank
Standing Chapter 13 Trustee              Discover Products Inc                    P.O. Box 3025
Suite 2250                               PO Box 3025                              New Albany OH 43054-3025
233 Peachtree Street NE                  New Albany, OH  43054-3025
Atlanta, GA 30303-1509


Discover Financial                       Discover Financial                       Jeffrey Michael Fleming
Attn: Bankruptcy                         PO Box 30939                             Barrett Daffin Frappier Turner Engel LLP
PO Box 3025                              Salt Lake City, UT 84130-0939            Suite 100
New Albany, OH 43054-3025                                                         4004 Belt Line Road
                                                                                  Addison, TX 75001-4320


Freedom Road Financial                   Freedom Road Financial                   FreedomRoad Financial c/o Wayfinder BK, LLC
10605 Double R Blvd                      Attn: Bankruptcy                         PO Box 64090
Reno, NV 89521-8920                      10509 Professional Cir                   Tucson, AZ 85728-4090
                                         Ste 100
                                         Reno, NV 89521-4883
```

```
GROW FINANCIAL FEDERAL CREDIT UNION      Grow Financial Fcu                    Grow Financial Fcu
P.O. BOX 89947                           Attn: Bankruptcy                      PO Box 6824
TAMPA, FL 33689-0416                     PO Box 89909                          Tampa, FL 33608-6824
                                         Tampa, FL 33689-0415


Home Depot Loan                          (p)JEFFERSON CAPITAL SYSTEMS LLC      Alaina Joseph
3155 Royal Drive Suite 175               PO BOX 7999                           Joseph & Baker LLC
Alpharetta, GA 30022-2479                SAINT CLOUD MN 56302-7999             650 Ponce De Leon Ave. Ste. 300 #1085
                                                                               Atlanta, GA 30308-1864


Kubota Credit Corp, USA                  Kubota Credit Corp, USA               Kubota Credit Corporation
Attn: Bankruptcy                         PO Box 2046                           PO Box 9013
PO Box 2048                              Grapevine, TX 76099-2046              Addison, Texas 75001-9013
Grapevine, TX 76099-2048


LVNV Funding, LLC                        Richard B. Maner                      Pennymac Loan Services, LLC
Resurgent Capital Services               Richard B. Maner, P.C.                Attn: Correspondence
PO Box 10587                             Suite 200                             Unit PO Box 514387
Greenville, SC 29603-0587                180 Interstate N Parkway              Los Angeles, CA 90051-4387
                                         Atlanta, GA 30339-2106


Pennymac Loan Services, LLC              Pennymac Loan Services, LLC           Pentagon Federal Credit Union
P.O. Box 2410                            PO Box 514387                         1001 N Fairfax St
Moorpark, CA 93020-2410                  Los Angeles, CA 90051-4387            Alexandria, VA 22314-1797


(p)PENTAGON FEDERAL CREDIT UNION         Quantum3 Group LLC as agent for       (p)REPUBLIC FINANCE LLC
ATTN BANKRUPTCY DEPARTMENT               Comenity Capital Bank                 282 TOWER RD
P O BOX 1432                             PO Box 788                            PONCHATOULA LA 70454-8318
ALEXANDRIA VA 22313-1432                 Kirkland, WA  98083-0788


Rocket Loans                             Rocket Loans                          Philip L. Rubin
1274 Library St                          Attn: Bankruptcy                      Lefkoff Rubin Gleason Russo Williams PC
Detroit, MI 48226-2256                   1050 Woodward Ave                     Suite 900
                                         Detroit, MI 48226-3573                5555 Glenridge Connector
                                                                               Atlanta, GA 30342-4762


Synchrony Bank/Care Credit               Synchrony Bank/Care Credit            Synchrony/Paypal Credit
Attn: Bankruptcy                         PO Box 71757                          Attn: Bankruptcy
PO Box 965060                            Philadelphia, PA 19176-1757           PO Box 965060
Orlando, FL 32896-5060                                                         Orlando, FL 32896-5060


Synchrony/Paypal Credit                  Synovusbk/thdloansrvcs                Upstart Finance
PO Box 71727                             1797 Northeast Expy NE                2 Circle Star Way
Philadelphia, PA 19176-1727              Atlanta, GA 30329-7803                San Carlos, CA 94070-6200


Upstart Finance                          Upstart Network, Inc
Attn: Bankruptcy                         PO BOX 1931
PO Box 1503                              Burlingame, CA 94011-1931
San Carlos, CA 94070-7503
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Jefferson Capital Systems, LLC        Pentagon Federal Credit Union        Republic Finance
PO Box 7999                           Attn: Bankruptcy                     1485 Highway 34 E
St. Cloud MN 56302-9617               PO Box 1432                          Ste 10
                                      Alexandria, VA 22313-1432            Newnan, GA 30265-2126


(d)Republic Finance, LLC
282 Tower Road
Ponchatoula, LA  70454
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Pennymac Loan Services, LLC        (u)The Credit Union Loan Source, LLC d/b/a Ci        End of Label Matrix
                                                                                           Mailable recipients    58
                                                                                           Bypassed recipients     2
                                                                                           Total                  60
```